SAVOY, Judge.
Plaintiff, Nolan P. Menard, and his automobile collision insurer, Motors Insur- *659 anee Corporation, instituted this suit in tort against Southern Pacific Company. It is alleged that on February 21, 1965, a 1964 Chevrolet automobile, owned by Nolan P. Menard, was damaged to the extent of $1,053.54 when Menard, who was driving along Third Street in Lafayette, Louisana, attempted to drive across a railroad spur track which was under construction by the defendant. Plaintiffs allege that the sole and proximate cause of the accident was the defendant’s negligence in failing to provide proper or adequate safeguards for the protection of traffic on the city streets.
The defendant filed an answer alleging it was not guilty of any negligence, and alternatively, that Menard was contributorily negligent. It is alleged that Menard saw the barricade and the flares placed in the street, signifying that the road was closed, that he stopped, and then proceeded around the barricade in disregard thereof; that there was considerable fog present, the visibility was poor, and he was driving at a rate of speed too fast for prevailing conditions; that he was driving under the influence of intoxicating beverages; that he failed to see what he should have seen; and he drove his automobile in violation of the ordinary principles of care and prudence. In the further alternative, it is alleged that Menard assumed the risk of traveling on the street under construction, while fully congnizant of the fact that the street was closed to traffic or that the use of the street required extraordinary care on his part.
After a trial on the merits, the district judge rendered judgment from the Bench for plaintiffs, and the defendant has appealed to this Court.
The issues before us are whether or not the defendant had fulfilled its duty with regard to protecting the public way in connection with the work it was doing on the railroad spur track involved in the accident, whether or not Nolan P. Menard was guilty of contributory negligence barring his recovery, and whether the doctrine of assumption of risk should be applied in this instance.
The record shows the accident occurred on Third Street in Lafayette, Louisana, at its intersection with a spur track owned by Southern Pacific Company. This spur track runs parallel to Grant Street and crosses Third Street approximately 150 feet west of the intersection of the two streets. The defendant was in the process of renewing the railroad crossing by replacing the rails and cross-ties located in the street. The work began on Thursday, February 18, 1965, and the area between and for about two feet on each side of the rails had been excavated down to the the cross-ties for a depth of approximately six and one-half inches. Third Street is a normal paved city street, and there were no other street projects in the immediate area. For the purpose of this work, the street was closed to traffic by barricades which were placed across Third Street at the corner of its intersection with Grant Street. The street was also barricaded in a similar manner on the other side of the spur track.
On the night of the accident there were two barricades and several pot-type kerosene flares at the Grant Street intersection. Certain blacktopping equipment and machinery were located near the south curb in the street inside the barricaded area. The defendant’s foreman, who was in charge of the work project, testified that the two barricades were placed across the street, one in each lane, so that an automobile could just pass between them in the middle of the street without striking either barricade. He testified he placed one flare between the barricades and one or two flares on each side in front of the two barricades, and that he had personally lighted these flares about 30 minutes before dark on the evening of the accident. There was a reflectorized target nailed on the right barricade, but there were no signs showing the purpose of the barricades. It was stipulated that another *660 employee of defendant would have testified substantially as did the work foreman.
Nolan P. Menard testified he had taken a date to a night club, where they danced, and he had a couple of beers. After taking his date home, he was returning to ■his home and proceeding in a westerly direction along Third Street. He noticed a barricade in his lane of traffic, with lighted flares at each end. He testified that a third flare on the other side of the street was not lit. He also noticed the blacktopping equipment on the left side of the street. He testified that he came to a complete stop, then went around the barricade and proceeded forward at a speed of not more than 25 miles per hour. He indicated there was fog present and that visibility was poor. He testified that the fog possibly prevented him from seeing the condition of the tracks sooner, and he did not realize the danger until he was very close. Then he hit his brakes and skidded about four or five feet and onto the tracks. He testified that he worked for the sign department of the Louisiana Highway Department, and that he thought the barricade was to protect work near the intersection, since he felt the street should have been completely closed if there was an obstruction ahead.
The city police officer who investigated the accident testified that he had passed at the intersection about 12:30 A.M. that night and had to detour. He noticed the barricades and lighted flares in about the position as testified to by the defendant’s employees. After receiving a call to investigate an accident, he arrived at the scene about 1:18 A.M. and noticed that the barricades were across the road, but that the one on the right had been pushed around, as though it had been hit and pushed back by a car entering the area. All three flares were still burning, although one had been knocked over. The only automobile in the area was that of Nolan P. Menard which had come to a stop on the rails of the spur track. Pie did not check the car to see if it had struck the barricades. After his investigation, he replaced the barricades across the street, and returned the flare that was knocked over to the area on the street at an oil leak where it was seen earlier.
It was stipulated that the automobile was damaged by the accident to the extent of $1,053.54, and that Motors Insurance Cor-portation had paid the amount of the loss, less a $100.00 deduction, as provided by the collision insurance policy.
Plaintiffs’ counsel maintains that the barricades did not block the roadway or warn of the dangerous excavation ahead, and refers to the photographs which were taken by Menard the morning after the accident. These photographs show that the left barricade was turned so as to shield the blacktopping machinery, rather than to block the south lane of traffic on the street. Menard stated that the photographs showed the area the same way as it was at the time of the acident. However, he was not questioned specifically about the location of this particular barricade. On the other hand, the employees of the defendant and the city policeman testified directly that the barricades were across both lanes of traffic prior to the time of the accident. Also, the city policeman testified that he replaced the barricades across the street after the accident, and this was their position as seen by the defendant’s foreman early the following morning. An examination of the photographs reveals oil spots in the street where the flares were located, and these extend square across the street. This supports the testimony of the defendant’s witnesses. There is also some question as to whether or not the barricades were moved by someone prior to the time the photographs were taken. Two pot-type flares appear near the right barricade in three photographs, but there is only one pot-type flare near this same barricade in another photograph. The district court did not render written reasons for judgment in this case.
*661 After carefully reviewing the record, we find that the preponderance of the evidence shows that the barricades and flares were placed in the position as testified to by the defendant’s witnesses. The barricades were placed across both lanes of traffic, with an opening in the middle of the street which was barely wide enough to permit the passage of an automobile. This opening was apparently left to allow traffic to "reach a business located within the area between the intersection and the railroad crossing. There were also three or four flares placed across the street near the barricades.
There is no hard and fast rule as to the type of warning or barricade which is necessary for the protection of motorists in all cases. Generally, the main consideration is whether or not the barricades or signals are adequate to warn motorists of the facts. The nature of the warnings used must be commensurate with the dangerous condition, and the decision in each case must rest upon its own particular facts and circumstances. Considering the facts of the instant case, we conclude that the barricades and flares were placed by defendant in such a manner as to apprise motorists using the city streets that this particular street was closed to through traffic. We do not believe that it was necessary in this particular case for the defendant to have placed a sign at the barricades indicating the street was closed, or to have placed flares in the area of the spur track. Since a motorist would be apprised by the flares and barricades that the street was closed for some reason, he would be charged with the duty of entering the area with extreme caution. By so doing, a motorist could have observed that the railroad spur track was under construction and impassable, and could have stopped in time to avoid an accident. There was nothing to obstruct the view of the railroad spur track, and the danger involved was not of an extreme nature. Considering the use of the street reasonably to be anticipated, we believe the precautions taken were adequate for the protection of motorists, and therefore find no negligence on the part of the defendant.
Having determined that the defendant is not negligent, it is not necessary to pass on the other issues mentioned herein.
For the reasons assigned, the judgment appealed from is reversed, and the judgment is now rendered in favor of the defendant, Southern Pacific Company, and against the plaintiffs, Nolan Patrick Men-ard and Motors Insurance Corporation, rejecting plaintiffs’ demands, and dismissing the suit. All costs in both courts are assessed against plaintiffs,
Reversed.